UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **IRA ANTHONY BOUDREAUX, JR.** | **CIVIL ACTION NO. 3:12-cv-3028** |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **UNITED STATES/DISTRICT OF COLUMBIA PAROLE COMMISSION** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Ira Anthony Boudreaux, Jr., filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 4, 2012. Petitioner is currently incarcerated at the Richland Parish Detention Center[1], and he implies that he is being held on orders of his United States Parole Officer as a parole violator.  He complains that he has not been timely brought before the Federal Parole Board in Washington, D.C. for revocation. As grounds for relief he claims "I'm passed my 60, 90, 120 day date for my revocation hearing. My due process of law has been violated." He asks to be released and placed back on parole.

*Background*

Review of the pleadings and available federal jurisprudence reveals that petitioner was convicted of conspiracy and extortion in the United States District Court for the Eastern District of Louisiana on or around March 10, 1987. In accordance with a plea agreement, he was

---

[1] According to the Bureau of Prisons Inmate Locator Service, as of May 7, 2013, petitioner was incarcerated at the United States Penitentiary, Atlanta, Georgia with a release date of July 27, 2013.

http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=19880-034&x=0&y=0

sentenced to serve 20 years. Three collateral attacks on his conviction and sentence were dismissed on December 8, 1987 [*U.S. v. Boudreaux*, 1987 WL 26991 (E.D.La. 1987)(87-cr-0123)], January 9, 1990 [1990 WL 3137 (E.D.La. 1990)], and April 19, 1995 [1995 WL 234544 (E.D.La. 1995)].

He was apparently also convicted of a "sex offense" in Lafourche Parish, Louisiana, and sentenced to six years probation.

On March 15, 2008, he was released from federal custody on parole after serving 21 years in a federal prison. On March 1, 2010, he was arrested by the Lafourche Parish Sheriff's Office and charged with "moving without permission." His federal parole officer lodged a detainer and petitioner was unable to obtain release on bond. On some unspecified date he pled guilty to the Lafourche charges and was sentenced to serve 2 years in custody. According to petitioner, due to the federal detainer, petitioner was unable to benefit from Louisiana's "good time" law and he was required to serve the entire 2 year sentence "day for day."

On March 10, 2012, he was served with a warrant charging violations of the conditions of his federal parole. March 30, 2012, he apparently completed his state sentence and he was transferred to his present place of confinement "in federal custody because of a federal hold for a parole violation." He complains that he has been awaiting the opportunity to appear before the U.S. Parole Board to defend himself against the alleged violations of parole and that the Parole Board has violated his right to due process.

*Law and Analysis*

Petitioner seeks relief pursuant to 28 U.S.C. §2241 which applies only to persons who establish that they are in custody in violation of the Constitution and laws of the United States.

Petitioner maintains that he is in custody in violation of his right to due process as guaranteed by the 5th Amendment. Parolees do not enjoy all of the constitutional rights and protections enjoyed by accused criminal defendants. *See Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 365-66 and n. 5, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998) (noting that parolees in parole revocation hearings are "not entitled to the 'full panoply' of rights to which criminal defendants are entitled") (quoting and citing *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)); *United States v. Tippens*, 39 F.3d 88, 89 (5th Cir.1994) (the Sixth Amendment right to a speedy trial does not apply to parole, probation, or supervised release revocation proceedings); *United States v. Polito*, 583 F.2d 48, 54 (2nd Cir.1978) (stating that parolees "are different from other citizens and they may, in certain circumstances, possess fewer constitutional rights"); *Hyser v. Reed*, 318 F.2d 225, 237 (D.C.Cir.1963) (Sixth Amendment does not extend to parole revocation hearings).

A delay such as complained of herein by petitioner may frustrate a parolee's due process right if the delay itself undermines his ability to contest the allegations in support of revocation or to offer evidence in mitigation. *United States v. Williams*, 558 F.2d 224, 226-228 (5th Cir.1977). However, that is not what petitioner is claiming herein. Indeed, he complains that the revocation detainer caused him to serve his Louisiana sentence "day for day," and he implies that a prompt revocation would have allowed him to serve both sentences concurrently. Further, he complains that he "could be found not guilty" on the revocation charges and thus would not be eligible for credit for time served awaiting revocation. Similar claims have consistently been rejected by the courts. *United States v. Fisher*, 895 F.2d 208, 211 (5th Cir.), *cert. denied*, 495 U.S. 940, 110 S.Ct. 2192, 109 L.Ed.2d 520 (1990); *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d

236 (1976).

In *United States v. Tippens*, 39 F.3d 88, 89 (5th Cir. 1994), the Court provided a succinct statement of a parolee's rights to a speedy revocation hearing – "Our court has held that the right to a speedy trial is not applicable to probation and parole revocation hearings, because they are not stages of a criminal prosecution. *United States v. Williams*, 558 F.2d 224, 226 (5th Cir.1977) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973)). Furthermore, we have stated unequivocally that "[s]upervised release revocation hearings are not criminal proceedings." *United States v. Marmolejo*, 915 F.2d 981, 983 (5th Cir.1990)."

In short, petitioner has not established that he is in custody in violation of the Constitution and laws of the United States and therefore his petition for writ of *habeas corpus* must be denied.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 9, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE